# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CALVIN GILLINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 07 C 0281 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| ILLINOIS ATTORNEY GENERAL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Calvin Gillings, seeks a writ of *habeas corpus* against Respondent, the Illinois Attorney General, pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's Motion to Dismiss.

## BACKGROUND

On July 9, 1990, Petitioner pled guilty in the Circuit Court of Cook County, Illinois, to possession with intent to deliver a controlled substance in satisfaction of the charges alleged in indictment number 90 CR 14021. During sentencing that same day, Petitioner requested that the matter be continued, to seek substitute counsel or file a motion to withdraw his plea of guilty and schedule the case for a jury trial. The court denied Petitioner's request and proceeded to sentencing. Petitioner was sentenced to thirty months of probation. On January 8, 1992, Petitioner successfully completed his term of probation for the conviction, and the Petitioner's probation was terminated.

On April 3, 2006, Petitioner filed a petition for post-conviction relief in the Circuit Court of Cook County. The petition for post-conviction relief was dismissed on April 7, 2006. The Petitioner filed a timely notice of appeal, and the Office of the State Appellate Defender

("OSAD") was appointed to represent Petitioner on appeal. On December 28, 2006, the OSAD filed a motion to dismiss the appeal on the determination that Petitioner had not been "in custody" under indictment number 90 CR 14021 since January 1992. On January 11, 2007, the appellate court granted the motion to dismiss.

The instant petition for a writ of *habeas corpus* was signed and filed by Petitioner on January 10, 2007. The Petitioner's federal *habeas* petition raises the constitutional claims of the Fourth, Fifth, Sixth, and Fourteenth Amendments. Petitioner is currently serving a sentence pursuant to his conviction of federal narcotic offenses in the Southern District of Iowa.

## ANALYSIS

The Respondent seeks to dismiss Petitioner's Petition for Writ of *Habeas Corpus* because Petitioner is not in custody pursuant to a judgment of the Illinois state courts.

The law governing *habeas corpus* relief is codified by statutes, including 28 U.S.C. § 2241 and 28 U.S.C. § 2254. To be eligible for *habeas corpus* relief under 28 U.S.C. § 2254, Petitioner must, at a minimum, demonstrate that he is "in custody" pursuant to a judgment of a state court that violates the Constitution or law or treaties of the United States. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). Petitioner's present petition fails to satisfy § 2254, however, because Petitioner is in federal custody, pursuant to a judgment of a federal district court, not a judgment of an Illinois court. Petitioner's probation pursuant to an Illinois judgment was satisfactorily terminated in January 1992, and Petitioner is currently serving a sentence pursuant to a conviction of federal narcotic offenses. Section 2254 requires that a petitioner's "custody" derive from, not merely coincide with, the challenged judgment. *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1990). As such, Petitioner cannot use his federal sentence for a separate conviction to challenge his previous state conviction. Petitioner is

no longer "in custody" for the state conviction that he is attempting to challenge and cannot bring a writ of *habeas corpus*.

As the Petitioner has failed to demonstrate that he is in Respondent's custody pursuant to a judgment of a state court, the Respondent's Motion to Dismiss is granted.

The Respondent also seeks to dismiss Petitioner's Petition for Writ of *Habeas Corpus*, in the alternative, on the grounds that it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

The AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitations shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner pled guilty in state court on July 9, 1990; and his conviction became final on August 8, 1990. As the Petitioner's conviction became final prior to AEDPA's effective date of April 24, 1996, the Petitioner had until April 24, 1997, a one-year grace period after AEDPA's effective date, to file a *habeas petition*, absent tolling under § 2244(d)(2). However, Petitioner did not file his federal *habeas petition* until January 10, 2007.

Further, Petitioner's present petition is not made timely by tolling under § 2244(d)(2) because Petitioner did not file a post-conviction petition until after the statute of limitations had

3

run. In addition, Petitioner has not alleged that equitable tolling is warranted in accepting his petition. Equitable tolling occurs when, without fault on the part of the defendant, the plaintiff is unable to bring suit within the statutory period. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Under § 2244(d)(2), the Petitioner's present petition is not made timely by tolling, nor is the present petition eligible for equitable tolling.

Accordingly, Petitioner's present petition is untimely; and the Respondent's Motion to Dismiss is granted on this alternate ground.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss is granted. Petitioner's Petition for *Habeas Corpus* is dismissed with prejudice.

Dated: June 28, 2007

JOHN W. DARRAH
United States District Court Judge